IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                CRIMINAL ACTION NO. 3:12-00111

TAMMY L. PAYTON

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant's Motion to Dismiss. ECF No. 22. A hearing on this motion was held August 6, 2012. For the reasons stated at the hearing and for those given below, the Motion is **DENIED**.

**I.    Background**

Defendant Tammy Payton is charged in a one-count indictment with failure to register as a sex offender as required by the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901 *et seq*. ("SORNA," or "the Act"). *See* ECF No. 1. Defendant was convicted of complicity to rape in Ohio in 2001. Following release from custody in 2004, she registered as a sex offender in the state of Ohio. In 2006 she was arrested for failing to update her registration and for violating parole, and was incarcerated. In 2007 she again failed to update her registration in Ohio and a warrant was issued for her arrest.

During July or August of 2007 Defendant moved to West Virginia, traveling in interstate commerce, but did not update her registration with authorities in either Ohio or West Virginia. She was indicted in April, 2012, for failure to update her sex offender registration as required by

federal law under SORNA. Both parties agree that Ms. Payton is a "pre-Act" sex offender, that is, a sex offender convicted before SORNA was enacted.

**II.    SORNA**

SORNA requires all newly-designated sex offenders to register under the laws of the state where they reside, and to update that registration when moving. 42 U.S.C. §§ 16913(a)-(c) (registration requirements); 18 U.S.C. § 2250(a) (failure to register is a crime).

Sex offenders convicted of qualifying sex crimes before SORNA became law in August 2006 are known as "pre-Act offenders." SORNA provides that the Attorney General may specify the application of the Act's registration requirements to these offenders. *See* 42 U.S.C. § 16913(d) ("the Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction."). In *Reynolds v. United States*, 132 S. Ct. 975, 981 (Jan. 23, 2012), the United States Supreme Court determined that the Act does not require pre-Act offenders to register "before the Attorney General validly specifies that the Act's registration provisions apply to them." *Reynolds* did not, however, address the question of if, or when, the Attorney General had validly specified the application of the registration requirements to pre-Act offenders. *Id*. at 984.

The Circuit Courts are split on this question. SORNA was passed in July 2006. In February 2007, the Attorney General issued an Interim Rule specifying that the Act's registration requirements were applicable to pre-Act offenders. In July 2008, the Attorney General issued Final Guidelines requiring the same. *Reynolds* did not address whether either of these specifications is a "valid specification" of when the registration requirements apply to pre-Act offenders. *Id*. at 984.

The Fourth, Seventh, and Eleventh Circuits have held that the February 2007 Interim Rule was a valid specification of the applicability of the registration requirements to Pre-Act offenders. *See United States v. Gould*, 568 F.3d 459, 469-470 (4th Cir. 2009). Therefore, in this circuit, the pre-Act offender registration requirement became effective in February 2007. *See also United States v. Dean*, 604 F.3d 1275, 1280-82 (11th Cir. 2010); *United States v. Dixon*, 551 F.3d 578, 583 (7th Cir. 2008).[1]

Other circuits have determined that the Interim Rule was not validly issued. The Interim Rule was promulgated without a 30-day notice and comment period. As such, it would be invalid under the Administrative Procedure Act ("APA") unless the Attorney General established "good cause" for dispensing with these requirements. 5 U.S.C. § 553(d)(3); *see United States v. Gould*, 568 F.3d 459, 469 (4th Cir. 2009). The Sixth and Ninth circuits have held that the Interim Rule was not validly issued, and, therefore, the registration requirements only apply to pre-Act offenders after and as established by the July 2008 Final Rule. *United States v. Valverde*, 628 F.3d 1159, 1165-68 (9th Cir. 2010); *United States v. Cain*, 583 F.3d 408, 423-23 (6th Cir. 2009).

**III.   Analysis**

Defendant now urges this Court to abandon the Fourth Circuit's holding in *Gould* and find that the February 2007 Interim Rule was not validly issued because there was no "good cause" established for dispensing with the APA's notice and comment requirements. If this Court were to instead join the Sixth and Ninth Circuits in determining that the pre-Act offender registration requirement did not become effective until 2008, Defendant's 2007 failure to register after

---

[1] Some circuits have not yet considered this issue because they had determined that pre-Act registration requirements became effective upon passage of SORNA, the position recently rejected in *Reynolds*.

3

traveling to West Virginia may not have been a violation of the Act. Defendant submits that this Court may do so because the Supreme Court's *Reynolds* opinion "undermined" *Gould.*

*Gould* held that the urgency of implementing an effective national sex offender registry constituted "good cause" for issuing the February 2007 Interim Rule without notice and comment. *Gould*, 568 F.3d at 469 (adopting the Attorney General's representation that "delay in the implementation of this rule would impede the effective registration of such sex offenders and would impair immediate efforts to protect the public [. . . ]"). In *Reynolds*, the Supreme Court found that Congress did not intend to automatically apply the registration requirement to pre-Act offenders, instead intending that the Attorney General apply the registration requirement to those offenders through regulation. In rejecting the argument that Congress intended the registration requirement to automatically apply to pre-Act offenders upon the Act's passage, the Court noted that the need for "instantaneous" registration of pre-Act offenders was "overstated." 132 S. Ct. at 983. This acknowledgement, Defendant argues, undercuts the Fourth Circuit's determination that the urgency of registering pre-Act offenders constituted "good cause" for forgoing notice and comment.

This reading of *Reynolds*, however, relies on just one phrase in the opinion, which goes on to explicitly note that one reason Congress may have found it unnecessary to apply registration requirements to pre-Act offenders automatically upon the passage of SORNA was that regulations regarding those registration requirements could be promulgated quickly. *Id*. at 983. In fact, the opinion lists the rapid issuance of the Interim Rule as an example of how the Department of Justice was able to address the need for a regulation governing pre-Act offender registration with appropriate speed. *Id*. If anything, this analysis confirms the Fourth Circuit's

determination that the need for pre-Act offender registration regulation was indeed urgent, and constituted "good cause" for dispensing with notice and comment.

Defendant's arguments do not persuade this Court to abandon clear circuit precedent. The February 2007 Interim Rule was validly issued, and pre-Act offenders were required to comply with SORNA's registration requirements at that time. When Defendant traveled to West Virginia in July or August of 2007, she was subject to the registration requirements of SORNA. If she failed to update her registration as alleged in the indictment, she is guilty of a federal offense. Defendant's Motion to Dismiss (ECF No. 22) is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: August 6, 2012

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE